FILED

2009 OCT 13  AM II: 42

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (Bar No. 144074)
2  dalekgalipo@yahoo.com
   John C. Fattahi, Esq. (Bar No. 247625)
3  jfattahi@gmail.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, California 91367
   Telephone:  (818) 347-3333
5  Facsimile:  (818) 347-4118

6  Attorneys for Plaintiff

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10  TRAVIS JONSRUD,                 ED CV 09 - 01912 OP

11          Plaintiff,              **COMPLAINT FOR DAMAGES**

12      vs.                         1. Unreasonable Search and Seizure—
                                       Detention and Arrest (42 U.S.C. §
13  CITY OF DESERT HOT SPRINGS,        1983)
    OFFICER LARRY ESSEX,            2. Unreasonable Search and Seizure—
14  SERGEANT ROBERT RITCHIE,           Excessive Force and Denial of
    OFFICER PAUL TAPIA, OFFICER       Medical Care (42 U.S.C. § 1983)
15  JASON HUNTER, RAUL             3. Municipal Liability for
    SANDOVAL, and DOES 1-10,          Unconstitutional Custom, Practice,
16  inclusive,                        or Policy (42 U.S.C. § 1983)
                                    4. False Arrest/False Imprisonment
17          Defendants.            5. Assault/Battery
                                   6. Negligence
18                                 7. Intentional Infliction of Emotional
                                      Distress
19
20                                 **DEMAND FOR JURY TRIAL**
21
                                   FILED BY FAX
22              **COMPLAINT**       CRC 2005
23      Plaintiff Travis Jonsrud, for his complaint against Defendants City of Desert

24  Hot Springs, Officer Larry Essex, Sergeant Robert Ritchie, Officer Paul Tapia,

25  Officer Jason Hunter, Raul Sandoval, and Does 1-10, inclusive, alleges as follows:

26

27

28

1

## INTRODUCTION

2    1.    This civil rights action seeks compensatory and punitive damages from

3  Defendants for violating various rights under the United States Constitution and

4  state law in connection with the February 25, 2009 encounter between the involved

5  officers and Plaintiff.

6

7

## PARTIES

8    2.    At all relevant times, Plaintiff TRAVIS JONSRUD ("JONSRUD") was

9  a resident of the City of Desert Hot Springs, California.

10    3.    At all relevant times, Defendant CITY OF DESERT HOT SPRINGS

11  ("CITY") is and was a duly organized public entity, form unknown, existing under

12  the laws of the State of California.  At all relevant times, CITY was the employer of

13  Defendants OFFICER LARRY ESSEX ("ESSEX"); SERGEANT ROBERT

14  RITCHIE ("RITCHIE"); OFFICER PAUL TAPIA ("TAPIA"); OFFICER JASON

15  HUNTER ("HUNTER"); DOES 1 through 5 ("DOE OFFICERS"), who were CITY

16  Police Officers, and DOES 6 through 10 ("DOE SUPERVISORS"), who were

17  managerial, supervisorial, and policymaking employees of the CITY Police

18  Department.  At all relevant times, ESSEX, RITCHIE, TAPIA, HUNTER, DOE

19  OFFICERS, and DOE SUPERVISORS were residents of Riverside County,

20  California.  ESSEX, RITCHIE, TAPIA, HUNTER, and DOE OFFICERS are sued

21  in their individual capacity for damages only.

22    4.    At all relevant times, Defendants ESSEX, RITCHIE, TAPIA,

23  HUNTER, DOE OFFICERS, and DOE SUPERVISORS were duly authorized

24  employees and agents of the CITY, who were acting under color of law within the

25  course and scope of their respective duties as Police Officers and with the complete

26  authority and ratification of their principal, Defendant CITY.

27    5.    At all relevant times, Defendants ESSEX, RITCHIE, TAPIA,

28  HUNTER, DOE OFFICERS, and DOE SUPERVISORS were duly appointed

-2-

COMPLAINT FOR DAMAGES

1 | officers and/or employees or agents of CITY, subject to oversight and supervision
2 | by CITY's elected and non-elected officials.

3 |      6.     At all relevant times, RAUL SANDOVAL ("SANDOVAL") was a
4 | Police Officer and employee of the City of San Bernardino Police Department. At
5 | all relevant times, SANDOVAL was either acting under color of law or conspiring
6 | with the other defendant officers to violate Plaintiff's civil rights. At all relevant
7 | times, SANDOVAL was a resident of San Bernardino County, California, and is
8 | sued in his individual capacity for damages only.

9 |      7.     At all times mentioned herein, each and every defendant was the agent
10 | of each and every other defendant and had the legal duty to oversee and supervise
11 | the hiring, conduct and employment of each and every defendant herein.

12 |      8.     The true defendants DOES 1 through 10, inclusive, are unknown to
13 | Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff
14 | will seek leave to amend this complaint to show the true names and capacities of
15 | these defendants when they have been ascertained. Each of the fictitious named
16 | defendants is responsible in some manner for the conduct and liabilities alleged
17 | herein.

18 |      9.     In doing the acts and failing and omitting to act as hereinafter
19 | described, Defendants ESSEX, RITCHIE, TAPIA, HUNTER, DOE OFFICERS,
20 | and DOE SUPERVISORS were acting on the implied and actual permission and
21 | consent of CITY.

22 |      10.    On March 2, 2009, Plaintiff filed a comprehensive and timely claim for
23 | damages with CITY pursuant to applicable sections of the California Government
24 | Code.

25 |      11.    On April 14, 2009, CITY denied said claims.

26
27
28

-3-

COMPLAINT FOR DAMAGES

**JURISDICTION AND VENUE**

12.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

13.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because Plaintiff and Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Riverside, California.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

14.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 13 of this Complaint with the same force and effect as if fully set forth herein.

15.     On or about February 25, 2009, at or near the intersection of Palm Drive and Hacienda Avenue in Desert Hot Springs, California, SANDOVAL detained JONSRUD without probable cause or reasonable suspicion and/or without legal authority to do so.  While on duty as a CITY Police Officer, ESSEX also detained JONSRUD without probable cause or reasonable suspicion.

16.     ESSEX used excessive force against JONSRUD, including but not limited to, grabbing, pulling, punching, kicking, and jumping on his back. SANDOVAL used excessive force against JONSRUD, including but not limited to, grabbing and pulling him.

17.     While on duty as CITY Police Officers, RITCHIE and TAPIA used excessive force against JONSRUD, including but not limited to, deploying Tasers on him several times.

18.     While on duty as a CITY Police Officer, HUNTER used excessive force against JONSRUD, including but not limited to, grabbing and pulling him.

-4-

1    19.    RITCHIE, TAPIA, and ESSEX used excessive force against

2 JONSRUD, including but not limited to, pointing large caliber handguns at

3 JONSRUD and shooting at him more than twenty times.

4    20.    Based on the information known to Defendants, a reasonable officer in

5 their position could not possibly conclude that JONSRUD presented an imminent

6 threat of death or serious bodily injury to anyone when he was shot.  Defendants had

7 no information that JONSRUD had any weapon, or that JONSRUD was attempting

8 to obtain or wield any weapon against anyone.

9    21.    Defendants had no information that JONSRUD had committed any

10 crime, was resisting arrest or trying to evade arrest by flight, and even if there had

11 been a lawful reason to take JONSRUD into custody or if he had presented any sort

12 of threat (which he did not), Defendants ignored many reasonable alternative means

13 of responding to the situation.

14    22.    Defendants handcuffed JONSRUD and took him into custody without

15 probable cause to believe that he had committed any crime.

16    23.    On information and belief, Defendants purposefully did not

17 immediately report the use of force or seek medical assistance for JONSRUD.

18    24.    On information and belief, Defendants, although having actual and

19 constructive notice and knowledge of JONSRUD's serious medical conditions,

20 purposefully disregarded his medical needs.

21    25.    Based on Defendants' knowingly false statements and withholding of

22 exculpatory evidence, the Riverside County District Attorney charged JONSRUD

23 with two felony counts of assault on a peace officer.

24    26.    Defendants acted with deliberate indifference and with purpose to harm

25 unrelated to any legitimate law enforcement objective.

26    27.    As a direct result of Defendants' conduct, JONSRUD sustained critical,

27 life-threatening injuries, including gunshot wounds to his head, chest, and leg.

28 JONSRUD experienced several pain and suffering, emotional distress, mental

COMPLAINT FOR DAMAGES

1 anguish, humiliation, and false imprisonment. JONSRUD also incurred substantial

2 medical and legal expenses and lost earning capacity. JONSRUD's damages

3 include both past and future losses.

4

5                              **FIRST CLAIM FOR RELIEF**

6 **Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

7 (Against Defendants ESSEX, RITCHIE, TAPIA, HUNTER, SANDOVAL, AND

8                                   DOE OFFICERS)

9        28.     Plaintiff repeats and realleges each and every allegation in paragraphs 1

10 through 27 of this Complaint with the same force and effect as if fully set forth

11 herein.

12        29.     Defendants ESSEX, RITCHIE, TAPIA, HUNTER, SANDOVAL, and

13 DOE OFFICERS detained and arrested JONSRUD in violation of his right to be

14 secure in his person against unreasonable searches and seizures as guaranteed to

15 JONSRUD under the Fourth Amendment to the United States Constitution and

16 applied to state actors by the Fourteenth Amendment.

17        30.     As a result of the conduct of ESSEX, RITCHIE, TAPIA, HUNTER,

18 SANDOVAL, and DOE OFFICERS, they are liable for JONSRUD's injuries, either

19 because they were integral participants in the wrongful detention and arrest, or

20 because they failed to intervene to prevent these violations.

21        31.     The conduct of ESSEX, RITCHIE, TAPIA, HUNTER, SANDOVAL,

22 and DOE OFFICERS was willful, wanton, malicious and done with reckless

23 disregard for the rights and safety of JONSRUD and therefore warrants the

24 imposition of exemplary and punitive damages as to Defendants ESSEX, RITCHIE,

25 TAPIA, HUNTER, SANDOVAL, and DOE OFFICERS.

26        32.     Accordingly, Defendants ESSEX, RITCHIE, TAPIA, HUNTER,

27 SANDOVAL, and DOE OFFICERS each are liable to JONSRUD for compensatory

28 and punitive damages under 42 U.S.C. § 1983.

-6-

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)

(Against Defendants ESSEX, RITCHIE, TAPIA, HUNTER, SANDOVAL, and DOE OFFICERS)

33.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34.     The unjustified assault, battery, and shooting of JONSRUD by ESSEX, RITCHIE, TAPIA, HUNTER, and SANDOVAL, and the wrongful denial of medical care by ESSEX, RITCHIE, TAPIA, HUNTER, SANDOVAL, and DOE OFFICERS, deprived JONSRUD of his right to be secure in his person against unreasonable searches and seizures as guaranteed to the JONSRUD under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

35.     The actions of ESSEX, RITCHIE, TAPIA, HUNTER, SANDOVAL, and DOE OFFICERS deprived JONSRUD of his right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

36.     As a result of the conduct of ESSEX, RITCHIE, TAPIA, HUNTER, SANDOVAL, and DOE OFFICERS, they are liable for JONSRUD's injuries, either because they were integral participants in the excessive force or denial of medical care, or because they failed to intervene to prevent these violations.  They also are liable because their use of excessive non-deadly force acted as a catalyst for the later use of deadly force, whether unreasonable or otherwise.

37.     The conduct of ESSEX, RITCHIE, TAPIA, HUNTER, SANDOVAL, and DOE OFFICERS was willful, wanton, malicious and done with reckless disregard for the rights and safety of JONSRUD and therefore warrants the

COMPLAINT FOR DAMAGES

1  imposition of exemplary and punitive damages as to Defendants ESSEX, RITCHIE,

2  TAPIA, HUNTER, SANDOVAL, and DOE OFFICERS.

3      38.   Accordingly, Defendants ESSEX, RITCHIE, TAPIA, HUNTER,

4  SANDOVAL, and DOE OFFICERS each are liable to JONSRUD for compensatory

5  and punitive damages under 42 U.S.C. § 1983.

6

7                  **THIRD CLAIM FOR RELIEF**

8  **Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

9              (Against Defendants CITY and DOE SUPERVISORS)

10     39.   Plaintiff repeats and realleges each and every allegation in paragraphs 1

11 through 38 of this Complaint with the same force and effect as if fully set forth

12 herein.

13     40.   On and for some time prior to February 25, 2009 (and continuing to the

14 present date) Defendants CITY and DOE SUPERVISORS deprived Plaintiff of the

15 rights and liberties secured to him by the Fourth and Fourteenth Amendments to the

16 United States Constitution, in that said defendants and their supervising and

17 managerial employees, agents, and representatives, acting with gross negligence and

18 with reckless and deliberate indifference to the rights and liberties of the public in

19 general, of Plaintiff, and of persons in his class, situation and comparable position in

20 particular, knowingly maintained, enforced and applied an official recognized CITY

21 custom, policy, and practice of:

22         (a)   Employing and retaining as Police Officers and other personnel,

23               including ESSEX, RITCHIE, TAPIA, HUNTER, and DOE

24               OFFICERS, who Defendants CITY and DOE SUPERVISORS at

25               all times material herein knew or reasonably should have known

26               had dangerous propensities for abusing their authority, for

27               mistreating citizens by failing to follow written CITY Police

28

Department policies, and using excessive force including deadly force on prior occasions;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other CITY personnel, including ESSEX, RITCHIE, TAPIA, HUNTER, and DOE OFFICERS, who Defendants CITY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants ESSEX, RITCHIE, TAPIA, HUNTER, and DOE OFFICERS, who are CITY Police Officers;

(d) By failing to adequately train officers, including Defendants ESSEX, RITCHIE, TAPIA, HUNTER, and DOE OFFICERS, and failing to institute appropriate policies, regarding constitutional procedures and practices for use of a Taser, use of firearms, and field contacts with persons believed to be under the influence of drugs or alcohol; and

(e) By having and maintaining an unconstitutional custom and practice of using excessive force including deadly force against unarmed individuals, detaining and arresting individuals without probable cause, denying medical care, and covering up police misconduct, which is also demonstrated by inadequate training regarding these subjects. These customs and practices by CITY and DOE SUPERVISORS were done with a deliberate indifference to individuals' safety and rights.

-9-

COMPLAINT FOR DAMAGES

1    41.    By reason of the aforementioned policies and practices of Defendants

2  CITY and DOE SUPERVISORS, JONSRUD suffered severe pain and suffering,

3  mental anguish, humiliation, and emotional distress, and incurred substantial

4  medical and legal expenses and lost earning capacity.

5    42.    Defendants CITY and DOE SUPERVISORS, together with various

6  other officials, whether named or unnamed, had either actual or constructive

7  knowledge of the deficient policies, practices and customs alleged in the paragraphs

8  above.  Despite having knowledge as stated above these defendants condoned,

9  tolerated and through actions and inactions thereby ratified such policies.  Said

10  defendants also acted with deliberate indifference to the foreseeable effects and

11  consequences of these policies with respect to the constitutional rights of Plaintiff,

12  and other individuals similarly situated.

13    43.    By perpetrating, sanctioning, tolerating, and ratifying the outrageous

14  conduct and other wrongful acts, and for failing to discipline the involved officers,

15  Defendants CITY and DOE SUPERVISORS acted with an intentional, reckless, and

16  callous disregard for the well-being of Plaintiff and his constitutional as well as

17  human rights.  Defendants CITY and DOE SUPERVISORS and each of their

18  actions were willful, wanton, oppressive, malicious, fraudulent, and extremely

19  offensive and unconscionable to any person of normal sensibilities.

20    44.    Furthermore, the policies, practices, and customs implemented and

21  maintained and still tolerated by Defendants CITY and DOE SUPERVISORS were

22  affirmatively linked to and were a significantly influential force behind Plaintiff's

23  injuries.

24    45.    Accordingly, Defendants CITY and DOE SUPERVISORS each are

25  liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

26

27

28

-10-

1
## FOURTH CLAIM FOR RELIEF

2
### False Arrest/False Imprisonment (Cal. Govt. Code § 820 and California

3
### Common Law)

4
(Against All Defendants Except Doe Supervisors)

5
46.     Plaintiff repeats and realleges each and every allegation in paragraphs 1

6 through 45 of this Complaint with the same force and effect as if fully set forth

7 herein.

8
47.     ESSEX, RITCHIE, TAPIA, HUNTER, and DOE OFFICERS, while

9 working as Police Officers for the CITY Police Department, and acting within the

10 course and scope of their duties, and SANDOVAL, intentionally deprived

11 JONSRUD of his freedom of movement by use of force, threats of force, menace,

12 fraud, deceit, and unreasonable duress.  ESSEX, RITCHIE, TAPIA, HUNTER,

13 SANDOVAL, and DOE OFFICERS also arrested JONSRUD without an arrest

14 warrant.

15
48.     JONSRUD did not knowingly or voluntarily consent.

16
49.     JONSRUD was caused to suffer severe emotional distress, severe pain

17 and suffering, mental anguish, humiliation, and false arrest.

18
50.     The conduct of ESSEX, RITCHIE, TAPIA, HUNTER, SANDOVAL,

19 and DOE OFFICERS was a substantial factor in causing the harm of JONSRUD.

20
51.     The CITY is vicariously liable for the wrongful acts of ESSEX,

21 RITCHIE, TAPIA, HUNTER, and DOE OFFICERS pursuant to section 815.2 of

22 the California Government Code, which provides that a public entity is liable for the

23 injuries caused by its employees within the scope of the employment if the

24 employee's act would subject him or her to liability.

25
52.     The conduct of ESSEX, RITCHIE, TAPIA, HUNTER, SANDOVAL,

26 and DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a

27 conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of

28 exemplary and punitive damages.

COMPLAINT FOR DAMAGES

## FIFTH CLAIM FOR RELIEF

Assault/Battery (Cal. Govt. Code § 820 and California Common Law)

(Against Defendants ESSEX, RITCHIE, TAPIA, HUNTER, SANDOVAL, and CITY)

53.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54.   ESSEX, RITCHIE, TAPIA, and HUNTER, while working as Police Officers for the CITY Police Department, and acting within the course and scope of their duties, and SANDOVAL, intentionally assaulted, battered, and shot JONSRUD. ESSEX, RITCHIE, TAPIA, and HUNTER had no legal justification for the attacks, and their use of force against JONSRUD while carrying out their police duties was an unreasonable use of force.

55.   As a direct and proximate result of Defendants' conduct as alleged above, JONSRUD suffered severe pain and suffering, mental anguish, humiliation, and emotional distress, and incurred medical expenses and lost earning capacity.

56.   The CITY is vicariously liable for the wrongful acts of ESSEX, RITCHIE, TAPIA, and HUNTER pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

57.   The conduct of ESSEX, RITCHIE, TAPIA, HUNTER, and SANDOVAL was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

COMPLAINT FOR DAMAGES

## SIXTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code § 820 and California Common Law)

(Against All Defendants)

58.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 57 of this Complaint with the same force and effect as if fully set forth herein.

59.     The actions of ESSEX, RITCHIE, TAPIA, HUNTER, SANDOVAL, DOE OFFICERS, and DOE SUPERVISORS toward JONSRUD were negligent and reckless, including but not limited to:

(a)     the failure to properly and adequately assess the need to use force including deadly force against, and to detain and arrest JONSRUD;

(b)     the failure to monitor and record any use of force by CITY Police Officers, including ESSEX, RITCHIE, TAPIA, and HUNTER;

(c)     the failure to monitor and record any injuries specifically caused by the use of force by CITY Police Officers, including ESSEX, RITCHIE, TAPIA, and HUNTER;

(d)     the negligent tactics and handling of the situation with JONSRUD;

(e)     the negligent use of force including Tasers and firearms against, and the detention and arrest of JONSRUD;

(f)     the failure to properly train and supervise employees, both profession and non-professional, including ESSEX, RITCHIE, TAPIA, HUNTER, DOE OFFICERS, and DOE SUPERVISORS;

-13-

1   (g)   the failure to ensure that adequate numbers of employees with

2          appropriate education and training were available to meet the

3          needs of and protect the rights of JONSRUD;

4   (h)   the failure to timely obtain medical care to JONSRUD; and

5   (i)   the negligent manner in which SANDOVAL was allowed to and

6          did in fact ride along with ESSEX.

7   60.   As a direct and proximate result of defendants' conduct as alleged

8   above, and other undiscovered negligent conduct, JONSRUD suffered severe pain

9   and suffering, mental anguish, humiliation, and emotional distress, and incurred

10  substantial medical and legal expenses and lost earning capacity.

11  61.   The CITY is vicariously liable for the wrongful acts of ESSEX,

12  RITCHIE, TAPIA, HUNTER, SANDOVAL, DOE OFFICERS, and DOE

13  SUPERVISORS pursuant to section 815.2 of the California Government Code,

14  which provides that a public entity is liable for the injuries caused by its employees

15  within the scope of the employment if the employee's act would subject him or her

16  to liability.

17  62.   The conduct of ESSEX, RITCHIE, TAPIA, HUNTER, SANDOVAL,

18  DOE OFFICERS, and DOE SUPERVISORS was malicious, wanton, oppressive,

19  and accomplished with a conscious disregard for the rights of Plaintiff, entitling

20  Plaintiff to an award of exemplary and punitive damages.

21

22                      **SEVENTH CLAIM FOR RELIEF**

23  **Intentional Infliction of Emotional Distress (Cal. Govt. Code § 820 and**

24                      **California Common Law)**

25  (Against Defendants ESSEX, RITCHIE, TAPIA, HUNTER, SANDOVAL, DOE

26                      OFFICERS, and CITY)

27

28

-14-

COMPLAINT FOR DAMAGES

63.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 62 of this Complaint with the same force and effect as if fully set forth herein.

64.     ESSEX, RITCHIE, TAPIA, HUNTER, and DOE OFFICERS, while working as Police Officers for the CITY Police Department, and acting within the course and scope of their duties, and SANDOVAL, engaged in conduct that was outrageous, including but not limited to:

(a)     Falsely detaining and arresting, and using excessive force (including use of Tasers and firearms) against JONSRUD, who was not resisting arrest, posed no safety threat, and had not committed any crime;

(b)     Failing to summon medical assistance for JONSRUD; and

(c)     Ignoring evidence of JONSRUD's innocence and taking steps to cover up the wrongful conduct.

65.     ESSEX, RITCHIE, TAPIA, HUNTER, SANDOVAL, and DOE OFFICERS abused a position of authority over JONSRUD, and knew that their conduct would likely result in harm due to mental distress.

66.     ESSEX, RITCHIE, TAPIA, HUNTER, SANDOVAL, and DOE OFFICERS intended to cause JONSRUD emotional distress, or acted with reckless disregard of the probability that JONSRUD would suffer emotional distress, knowing that JONSRUD was present when the conduct occurred.

67.     JONSRUD suffered severe emotional distress, including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

68.     The conduct of ESSEX, RITCHIE, TAPIA, HUNTER, SANDOVAL, and DOE OFFICERS was a substantial factor in causing the severe emotional distress of JONSRUD.

-15-

COMPLAINT FOR DAMAGES

69.     CITY is vicariously liable for the wrongful acts of ESSEX, RITCHIE, TAPIA, HUNTER, and DOE OFFICERS pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

70.     The conduct of ESSEX, RITCHIE, TAPIA, HUNTER, SANDOVAL, and DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants City of Desert Hot Springs, Officer Larry Essex, Sergeant Robert Ritchie, Officer Paul Tapia, Officer Jason Hunter, Raul Sandoval, and Does 1-10, inclusive, as follows:

      A.     For compensatory damages in the amount to be proven at trial;

      B.     For punitive damages against the individual defendants in an amount to be proven at trial;

      C.     For interest;

      D.     For reasonable costs of this suit and attorneys' fees; and

      E.     For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  October 12, 2009          LAW OFFICES OF DALE K. GALIPO

By _____
    Dale K. Galipo
    Attorneys for Plaintiffs

-16-

1

## DEMAND FOR JURY TRIAL

2       Plaintiff hereby demands a trial by jury.

3   DATED:  October 12, 2009          LAW OFFICES OF DALE K. GALIPO

4

5                                     By
6                                        Dale K. Galipo
                                         Attorneys for Plaintiffs
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-

COMPLAINT FOR DAMAGES

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

TRAVIS JONSRUD,

        Plaintiff,

vs.

CITY OF DESERT HOT SPRINGS, OFFICER
LARRY ESSEX, SERGEANT ROBERT RITCHIE,
OFFICER PAUL TAPIA, OFFICER JASON
HUNTER, RAUL SANDOVAL, and DOES 1-10,
inclusive,

        Defendants.

Case Number:

ED CV 09 - 01912 - OP

**SUMMONS**

TO:    THE ABOVE-NAMED DEFENDANTS (S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney.
_____Dale K. Galipo, Esq._____, whose address is:

Law Offices of Dale K. Galipo
21800 Burbank Blvd., Suite 310
Woodland Hills, California 91367

An answer to the **X** complaint  ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim
Which is herewith served upon you within _____20_____days after service of this Summons upon you, exclusive of
the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint.

**TERRY NAFISI**

CLERK, U.S. DISTRICT COURT

Date:      **OCT 1 3 2009**

By:_____
          G. GUZMAN
          Deputy Clerk
          (Seal of the Court)

**SUMMONS**

CONFORMS WITH JUDICIAL CONCIL FORM # CV-1A (01/01)

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| TRAVIS JONSRUD | CITY OF DESERT HOT SPRINGS, OFFICER LARRY ESSEX, SERGEANT ROBERT RITCHIE, OFFICER PAUL TAPIA, OFFICER JASON HUNTER, RAUL SANDOVAL, and Does 1-10, inclusive, |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):  Riverside | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| DALE K. GALIPO, ESQ., SBN. 144074 LAW OFFICES OF DALE K. GALIPO 21800 BURBANK BLVD., SUITE 310 WOOLAND HILLS, CALIFORNIA 91367 (818) 347-3333 dalekgalipo@yahoo.com | Unknown  FILED BY FAX  CRC 2005 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☐ **MONEY DEMANDED IN COMPLAINT: $** To

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983) , Unreasonable Search and Seizure—Excessive Force and Denial of Medical Care (42 U.S.C. § 1983), Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983) , False Arrest/False Imprisonment , Assault/Battery , Negligence , Intentional Infliction of Emotional Distress

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| 400 State Reapportionment | 110 Insurance | 310 Airplane | 370 Other Fraud | 510 Motions to Vacate Sentence Habeas Corpus | 710 Fair Labor Standards Act |
| 410 Antitrust | 120 Marine | 315 Airplane Product Liability | 371 Truth in Lending | | 720 Labor/Mgmt. Relations |
| 430 Banks and Banking | 130 Miller Act | 320 Assault, Libel & Slander | 380 Other Personal Property Damage | 530 General | 730 Labor/Mgmt. Reporting & Disclosure Act |
| 450 Commerce/ICC Rates/etc. | 140 Negotiable Instrument | 330 Fed. Employers' Liability | 385 Property Damage Product Liability | 535 Death Penalty | 740 Railway Labor Act |
| 460 Deportation | 150 Recovery of Overpayment & Enforcement of Judgment | 340 Marine | BANKRUPTCY | 540 Mandamus/ Other | 790 Other Labor Litig. |
| 470 Racketeer Influenced and Corrupt Organizations | 151 Medicare Act | 345 Marine Product Liability | 422 Appeal 28 USC 158 | 550 Civil Rights | 791 Empl. Ret. Inc. Security Act |
| 480 Consumer Credit | 152 Recovery of Defaulted Student Loan (Excl. Veterans) | 350 Motor Vehicle | 423 Withdrawal 28 USC 157 | 555 Prison Condition | PROPERTY RIGHTS |
| 490 Cable/Sat TV | 153 Recovery of Overpayment of Veteran's Benefits | 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/PENALTY | 820 Copyrights |
| 810 Selective Service | 160 Stockholders' Suits | 360 Other Personal Injury | 441 Voting | 610 Agriculture | 830 Patent |
| 850 Securities/Commodities/ Exchange | 190 Other Contract | 362 Personal Injury-Med Malpractice | 442 Employment | 620 Other Food & Drug | 840 Trademark |
| 875 Customer Challenge 12 USC 3410 | 195 Contract Product Liability | 365 Personal Injury-Product Liability | 443 Housing/Acco-mmodations | 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| 890 Other Statutory Actions | 196 Franchise | 368 Asbestos Personal Injury Product Liability | 444 Welfare | 630 Liquor Laws | 861 HIA (1395ff) |
| 891 Agricultural Act | REAL PROPERTY | | 445 American with Disabilities - Employment | 640 R.R. & Truck | 862 Black Lung (923) |
| 892 Economic Stabilization Act | 210 Land Condemnation | | 446 American with Disabilities - Other | 650 Airline Regs | 863 DIWC/DIWW (405(g)) |
| 893 Environmental Matters | 220 Foreclosure | | ☒ 440 Other Civil Rights | 660 Occupational Safety/Health | 864 SSID Title XVI |
| 894 Energy Allocation Act | 230 Rent Lease & Ejectment | | | 690 Other | 865 RSI (405(g)) |
| 895 Freedom of Info. Act | 240 Torts to Land | | | | FEDERAL TAX SUITS |
| 900 Appeal of Fee Determination Under Equal Access to Justice | 245 Tort Product Liability | | | | 870 Taxes (U.S. Plaintiff or Defendant) |
| 950 Constitutionality of State Statutes | 290 All Other Real Property | | | | 871 IRS - Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: ED CV 09 - 01912 OP

CV-71 (07/05)                    CIVIL COVER SHEET                    Page 1 of 2
CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case?    [X] No  [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)

[X] Check here if the U.S. government, its agencies or employees is a named plaintiff.
RIVERSIDE

List the California County, or State if other than California, in which EACH named defendant resides.   (Use an additional sheet if necessary).

[X] Check here if the U.S. government, its agencies or employees is a named defendant.
RIVERSIDE

List the California County, or State if other than California, in which EACH claim arose.   (Use an additional sheet if necessary)

Note: In land condemnation cases, use the location of the tract of land involved.

RIVERSIDE

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 10/12/2009
DALE K. GALIPO

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |